UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYANT NEDD (#116325)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DUSTIN BICKHAM** | **24-163-SDD-RLB** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 10, 2024.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**BRYANT NEDD (#116325)**                                    **CIVIL ACTION**

**VERSUS**

                                                                                      **24-163-SDD-RLB**

**DUSTIN BICKHAM**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the Dixon Correctional Institute, Jackson, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendant Dustin Bickham, complaining that his constitutional rights were violated when he was not allowed to attend his son's funeral. He seeks monetary relief.

### 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based

on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following: Due to the chaplain's and/or defendant Bickham's failure to follow prison policy, the plaintiff was not allowed to attend the funeral of his son in person or via zoom. The plaintiff seeks monetary relief.

### Compensatory Damages

First, pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. In the instant matter the plaintiff has not alleged to have suffered a physical injury. Accordingly, this aspect of the plaintiff's claim should be rejected. The plaintiff may be entitled to recover nominal or punitive damages if he establishes some constitutional violation by the defendant to merit such recovery. *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

**Failure to Follow Prison Policy or Procedure**

With regards to the defendant's claim that the chaplain and/or defendant Bickham failed to follow prison rules or procedures, internal rules do not alone create a federally-protected right. *See Lewis v. Sec'y of Pub. Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) ("a prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right"). As such, the plaintiff has failed to state a claim for a constitutional violation in this regard.

**Funeral Attendance**

Plaintiff's allegation that his rights were violated when he was denied the opportunity to attend his son's funeral does not rise to a constitutional magnitude. A prisoner does not retain a liberty interest in attending a family member's funeral, and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. *See Sandin v.. Conner,* 515 U.S. 472, 484-86 (1985). Other courts around the nation that have addressed this issue have held that prisoners do not retain a constitutional right to attend a family member's funeral. *See e.g., Hilliard v. Andrews*, 2005 WL 1629954 (W.D. La. July 8, 2005) ("Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral."); *Bradley v. Beck*, 2001 WL 34610459 (W.D.N.C. Oct. 19, 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); *Cruz v. Sielaff,* 767 F. Supp. 547, 550 (S.D.N.Y.1991) (no federal right recognized under § 1983 to attend uncle's funeral). As such, the plaintiff has failed to state a claim for a constitutional violation in this regard.

**Supplemental Jurisdiction**

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

**RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in Baton Rouge, Louisiana, on June 10, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."